708 A.2d 1012 (1998)
In re T.K.
In re S.K.
M.C., Appellant.
Nos. 97-FS-203, 97-FS-221.
District of Columbia Court of Appeals.
Submitted March 12, 1998.
Decided April 16, 1998.
James R. Marsh, Washington, DC, appointed by the court, was on the brief for appellant.
*1013 Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief for the District of Columbia.
Rosalind W. Johnson, guardian ad litem, entered an appearance for T.K.
Before WAGNER, Chief Judge, TERRY, Associate Judge, and KERN, Senior Judge.
TERRY, Associate Judge:
These appeals arise out of two neglect proceedings involving a fourteen-year-old girl, T.K., and her infant daughter S.K. Appellant is the father of S.K. The trial court, on motion of T.K.'s guardian ad litem (GAL), entered an order in T.K.'s case directing appellant to stay away from T.K. and to have no contact with her.[1] The order was not entered in S.K.'s case and says nothing about S.K. except to mention that appellant is S.K.'s father.[2] Appellant filed a motion the next day to terminate the stay-away order, but his motion was denied. From that denial he appeals.
D.C.Code § 16-1003(a) (1997) authorizes the filing of a petition for an order such as the one at issue here. The petition may be filed either by the Corporation Counsel or by a private party. Section 16-1004(a) requires that a hearing be held on the petition. Section 16-1004(c) provides that a person seeking such an order "shall cause notice of the hearing and a copy of the petition to be served upon the respondent," and that the petitioner "shall also cause a subpoena to issue directing the respondent to appear at the hearing." In this case appellant received no notice of the hearing and no subpoena; moreover, there was no written petition filed, but merely an oral motion.[3]
Appellant's principal contention is that the trial court lacked personal jurisdiction to enter the stay-away order. He asserts that the order is void because he was not a party in T.K.'s case,[4] and because the court issued its order without giving him any notice or an opportunity to respond to the GAL's motion. The Corporation Counsel concedes that appellant's argument is correct. Appellant was not a party in the case and was not given notice of the application for the stay-away order and an opportunity to be heard, as required by D.C.Code § 16-1004(c). Because the GAL failed to comply with this statute, the court never acquired personal jurisdiction over appellant in T.K.'s case, and the stay-away order is a nullity. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1363, 1 L.Ed.2d 1456 (1957) ("a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant"); Pennoyer v. Neff, 95 U.S. 714, 732, 24 L.Ed. 565 (1877) ("a judgment ... rendered without any jurisdiction of the tribunal over the party" is void and unenforceable).
The trial court's stay-away order is therefore reversed, and these cases are remanded for such further proceedings as may be appropriate. In light of the Corporation Counsel's concession, we need not address any of the other issues raised by either party.
Reversed and remanded.
NOTES
[1] There is no written motion in the record for a stay-away order. Appellant's brief states, without contradiction, that the GAL made an oral motion for such an order during a status hearing, and that the court granted the motion and entered the order over the objection of appellant's counsel.
[2] The order states, in pertinent part:

[M.C.], father of [S.K.], shall stay away from the minor, [T.K.]; that said [M.C.] shall have no contact with [T.K.]
[3] Under D.C.Code § 16-1004(d), the trial court has the power, upon a showing of imminent danger, to enter a temporary protective order, valid for up to fourteen days. Even such an emergency order, however, may be issued only "upon the filing of a petition under oath...." There is no statutory authority for the issuance of a stay-away order on an oral motion.
[4] Appellant, as S.K.'s father, was a party only in S.K.'s case. See Super. Ct. Negl. R. 9(a). Since the two cases involved some of the same parties and arose out of the same circumstances, they were assigned to the same trial judge; however, they were not consolidated.